TRAYLOR, Justice,
dissenting.
liThe majority opinion determines that the amendment of the instant petition relates back to the date upon which the original petition was filed, notwithstanding the fact that the amendment sought to add another plaintiff to the wrongful death/survival actions approximately nineteen months after the original filing. In reaching its conclusion, the majority refers to the “relation back” provisions of La.Code Civ. Proc. art. 1153, as well as referring to this Court’s previous analysis of “relation back” principles in Giroir v. South Louisiana Medical Center, Division of Hospitals, 475 So.2d 1040 (La.1985). While the aforementioned legislation and jurisprudence may be interpreted in such a way as to effectuate the outcome ultimately reached by the majority, I disagree with the majority’s interpretation given the facts of the case at hand. Furthermore, I respectfully suggest that we need to look more closely at the original purpose behind the law pertaining to the relation back of amendments.
|2The procedural article pertaining to the relation back of amendments is La.Code Civ. Proc. art. 1153, which provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.[1]
*200 Moreover, the Giroir Court analyzed the “relation back” principles and found:
Essentially the same criteria established by Ray v. Alexandria Mall should be applied to determine whether an amended petition adding a plaintiff relates back. While Rule 15(c) as phrased deals only with changing defendants, the Advisory Committee’s Note of 1966 points out that its approach is also relevant to amendments substituting or adding plaintiffs: “... [T]he attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs.” The federal courts have held that it is clear that the considerations established in the rule were intended to apply to an amendment which substitutes or adds a plaintiff. Accordingly, an amendment adding or substituting a plaintiff should be allowed to relate back if (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his|sdefense.[2]
At first blush, it appears as if the addition of Sarah Warren Jimenez (“Jimenez”) would relate back to the original filing of the instant petition, as it can be argued that the aforementioned Giroir factors are met. However, I believe that the Giroir Court failed to explicitly address the implicit notion underlying the laws which provide for relation back of amendments.
Because we derived our procedural article from the federal rules, it is important to look at the origins of the federal “relation back” principles. The “relation back” principles developed as a way to ease the effects of statutes of limitation when mistakes had been made in the form of pleading, and the “relation back” laws were very narrowly tailored. Gradually, the law expanded to allow for the addition/change of defendants and plaintiffs; however, the underlying current of the law has remained the same. “Relation back” principles were designed to preserve one’s opportunity to present a case, and have the case decided on its merit s, as opposed to having the case dismissed on a technicality.
In the instant matter, there was no technical error of pleading, nor was a plaintiff “inadvertently” left out of the pending litigation. In this case, Jimenez was fully aware of the wrongful death/survival actions, yet she made a conscious decision to *201 stay out of the litigation — until she changed her mind. “Relation back” principles should not be used to give an unfair advantage to a party who knowingly remains out of litigation, yet then has an opportunity to “wait and see” whether he/ she wants to join in the action — and joins well after the applicable prescriptive periods have run.
Finally, I agree with Justice Victory in his dissent wherein he raises the conflict in the majority opinion here with our recent holding in Borel v. Young, 2007-0419 [4(La.7/l/08), 989 So.2d 42 (on rehearing). On rehearing in Borel, a majority of this court held that medical malpractice claims are governed by the specific provisions of the Medical Malpractice Act regarding suspension of prescription, and not the general codal articles on the interruption of prescription. Consequently, the majority’s application of the general interruption of prescription rules in this case conflicts with the holding in Borel on rehearing.[3]
Accordingly, because the majority opinion incorrectly found the ahiended petition to relate back to its original date of filing, I respectfully dissent.

. This article was modeled upon the federal rules of procedure, specifically Federal Rule *200 of Civil Procedure 15(c) which currently provides, in pertinent part:
(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
(A) the law that provides the applicable statute of limitations allows relation back;
(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or
(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
(i) received such notice of the action that it will not be prejudiced in defending on the merit s; and
(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party’s identity.

. Giroir v. South Louisiana Medical Center, Division of Hospitals, 475 So.2d 1040, 1044 (La. 1985) (citations omitted).

. I note parenthetically that I merely concurred in the result of the majority's opinion on rehearing in Borel, believing that the three-year time period of La. R.S. 9:5628 is per-emptive, as found in the Borel original opinion.